# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTWAN HENRY and TERRI JENKINS, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No.: 22CV2850 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-5; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; CARRINGTON MORTGAGE SERVICES, LLC; MELISSA MCCULLEN; REX KESLER, LEPP CAPITAL, LLC | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

---

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FILED BY DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES 2006-5**

---

George G. Robertson
Fed. ID No. 3366420
george.robertson@hklaw.com
David D. Hornbeak
Fed. ID No. 3158009
david.hornbeak@hklaw.com
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002-5227
713-821-7000 (Telephone)

**COUNSEL FOR DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES 2006-5**

i

PLAINTIFF'S EXHIBIT

1

# TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT......................................................................1

II.    STATEMENT OF NATURE AND STAGE PROCEEDINGS.......................2

III.   STATEMENT OF ISSUES.....................................................................2

IV.   FACTUAL BACKGROUND ......................................................................2

      1. The Loan, Lien, and Property at Issue.................................................2

      2. Plaintiff Henry's Abuse of the Legal ................................................2
          a. Henry I - Voluntary Dismissal ...................................................3
          b. Henry II – Dismissal with Prejudice .........................................4
          c. Henry III - Plaintiffs Bring the Same Claims .............................6
          d. Plaintiffs Deny the Loan Exists..................................................6
          e. Plaintiffs Discredited Theories .................................................7

V. ARGUMENT & CITATION OF AUTHORITY…………………………………………...9

      1. Standard for Motion to Dismiss........................................................9
          a. Rule 8 of the Federal Rules of Civil Procedure ..........................9
          b. Rule 12(b)(6) of the Federal Rules of Civil Procedure...............10

      2. Plaintiffs' Claims are Barred by Res Judicata..................................11
          a. The Parties are the Same in Henry III and Henry II ...................11
          b. The Judgment in Henry II was Rendered....................................12
          c. The Judgment in Henry II Was a Final Judgment .......................12
          d. Henry III Involves the Claims in Henry II...................................13
          e. Smallwood v. Willow Way, LLC  is Instructive............................13

      3. Plaintiff Jenkins Lacks Standing ....................................................16

      4. Plaintiffs' Complaint Fails to Meet the Standards of Rules 8 and 12(b)(6) ...............17
          a. Plaintiffs' Themes Regarding Invalidity of the Documents...................17
          b. First Cause of Action of Quiet Title/Ejectment/Trespass ...................18
          c. Second Cause of Action for Violation of TILA .....................................19
          d. Third Cause of Action for Unjust Enrichment .....................................20
          e. Fourth Cause of Action for Violation of RESPA ..................................21
          f. Fifth Cause of Action of Nuisance/Wrongful Foreclosure ...................23
          g. Sixth Cause of Action for Declaratory Relief.....................................24
          h. Seventh Cause of Action for Cancellation of Instrument.....................25
          i. Eighth Cause of Action for Equitable Accounting ...............................25

VI.    CONCLUSION .................................................................................25

## TABLE OF AUTHORITIES

**Cases**

2016 U.S. Dist. LEXIS 8067
  (N.D. Tex., Jan. 25, 2016) ........................................................ 15
*Acers v. Aurora Loan Services, LLC*,
  787 F. Supp. 2d 451, (E.D. Tex. 2011) .................................... 25
*Anderson v. Wells Fargo Bank, N.A.*,
  953 F.3d 311, (5th Cir. 2020) ..................................................... 4
*Asay v. Hallmark Cards, Inc.*,
  594 F.2d 692, (8th Cir. 1979) ................................................... 10
*Ashcroft v. Iqbal*,
  556 U.S. 662, 2009) .................................................................. 10
*Avila v. Ocwen Loan Servicing, LLC*,
  2014 U.S. Dist. LEXIS 200603, at *4 (W.D. Tex. June 6, 2014) ...... 11
*Balke v. Carmichael*,
  2019 U.S. Dist. LEXIS 244784, at *36 (S.D. Tex. July 30, 2019) ..... 4
*Barcenas v. Fed. Home Loan Mortg. Corp.*,
  2013 U.S. Dist. LEXIS 9405, at *12-13 (S.D. Tex. Jan. 24, 2013) ..... 23
*Basler v. Barron*,
  2016 U.S. Dist. LEXIS 55853, at *5 (S.D. Tex. Apr. 27, 2016) ...... 4
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, (2007) ............................................................... 10
*Bell v. Ott*,
  606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, ..................... 18
*Byrd v. Chase Home Fin. LLC*,
  2011 U.S. Dist. LEXIS 125905, at *14 (N.D. Tex. Oct. 31, 2011) ..... 24
*Cinel v. Connick*,
  15 F.3d 1338, (5th Cir. 1994)) .................................................... 3
*Comer v. Murphy Oil USA*,
  718 F.3d 460, (5th Cir. 2013) ................................................... 11
*Credos Indus. Supplies & Rentals, LLC v. Targa Pipeline Mid-Continent WestTex LLC
(In re KP Eng'g, LP)*
  2022 U.S. Dist. LEXIS 145150, at *14 n.1 (S.D. Tex. Aug. 15, 2022) ...... 20
*Davis v. Bayless*,
  70 F.3d 367 ............................................................................... 4
*Ellis v. Amex Life Ins. Co.*,
  211 F.3d 935, (5th Cir. 2000) ................................................... 11
*Essex Crane Rental Corp. v. Carter*,
  371 S.W.3d 366 ....................................................................... 18
*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) .................................................... 13
*First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*,
  168 S.W.3d 917 (Tex. App.—Dallas 2005, no pet.) ..................... 20
*Geisert v. Brown*,
  2010 U.S. Dist. LEXIS 161082, at*8 (N.D. Tex. June 22, 2010)) ...... 10

*Gierut v. Morrison,*
    2018 Tex. App. LEXIS 10672, at *16 (Tex. App.—Austin Dec. 21, 2018, no pet.) ..................... 20

*Gipson v. Deutsche Bank Nat'l Tr. Co.,*
    2015 U.S. Dist. LEXIS 175323 (N.D. Tex. Oct. 27, 2015) ......................................... 15

*Harrison v. Fid. Nat'l Prop. & Cas. Ins. Co.,*
    2014 U.S. Dist. LEXIS 167184, at *4 (S.D. Tex. Dec. 3, 2014) ................................... 16

*Hebert Abstract v. Touchstone Props., Ltd.,*
    914 F.2d 74 (5th Cir. 1990)............................................................................. 13

*Henry v. Ditech Fin.,*
    2022 U.S. App. LEXIS 231 (5th Cir. Jan. 5, 2022) ..................................................... 6

*Herrera v. Wells Fargo Bank, N.A.,*
    2013 U.S. Dist. LEXIS 33592, at *34 (S.D. Tex. Mar. 12, 2013) ................................. 18

*Holliday v. Select Portfolio Servicing, Inc.,*
    2019 U.S. Dist. LEXIS 215487, at *7 (W.D. Tex. 2019) ........................................... 12

*Hurd v. BAC Home Loans Servicing, LP,*
    880 F. Supp. 2d 747 (N.D. Tex. 2012) ................................................................ 18

*In re Moody,*
    105 B.R. 368 (S.D. Tex. 1989) .......................................................................... 10

*Islamic Ass'n of Desoto, Tex., Inc. v. Mortg. Elec. Registration Sys.,*
    2012 U.S. Dist. LEXIS 83274, at *7 (N.D. Tex. June 15, 2012) .................................. 24

*Jurisich v. Louisiana Dept. of Wildlife and Fisheries,* 1991 U.S. Dist. LEXIS 5243, 1991 WL 61739 at *6
    (E.D. La. April 16, 1991) .................................................................................. 12

*Kahn v. Ripley,* 7
    72 F. App'x 141, 142 (5th Cir. 2019) .................................................................. 11

*Khan v. Wells Fargo Bank, N.A.,*
    2014 U.S. Dist. LEXIS 6559, at *26 (S.D. Tex. Jan. 17, 2014) ................................... 17

*Kinnison v. Humana Health Plan of Tex., Inc.,*
    2008 U.S. Dist. LEXIS 47289, at *19-20 n.9 (S.D. Tex. June 17, 2008)......................... 12

*Kuehl v. Fed. Deposit Ins. Corp.,*
    8 F.3d 905 (1st Cir. 1993) ............................................................................... 10

*Lujan v. Def's of Wildlife,*
    504 U.S. 555 (1992) ...................................................................................... 16

*Martin v. Amerman,*
    133 S.W.3d 262 (Tex. 2004) ............................................................................ 18

*Martinez v. Am. Sav. Life Ins. Co.,*
    2021 U.S. Dist. LEXIS 175276 (S.D. Tex. Sep. 15, 2021) ........................................ 15

*Martins v. BAC Home Loans Servicing, LP,*
    722 F.3d 249 (5th Cir. 2013) ........................................................................... 17

*Montoya v. FedEx Ground Package Sys.,*
    614 F.3d 145 (5th Cir. 2010) ........................................................................... 10

*Neitzke v. Williams,*
    490 U.S. 319 (1989) ...................................................................................... 10

*Norris v. Hearst Trust,*
    500 F.3d 454 (5th Cir. 2007)............................................................................... 3

*Oden v. JPMorgan Chase Bank, N.A.,*
    2012 U.S. Dist. LEXIS 64475, at *5-6 (S.D. Tex. 2012) ........................................... 22

*Palmer v. Fed. Home Loan Mortg. Corp.*,
    2013 U.S. Dist. LEXIS 75709, at *3-4 (N.D. Tex. May 30, 2013) .............................. 11

*Payne v. Wells Fargo Bank Nat. Assn*,
    637 F. App'x 833 (5th Cir. 2016) .......................................................................... 24

*Pollett v. Aurora Loan Services*,
    455 Fed. App'x. 413 (5th Cir.2011).......................................................................... 24

*Reinagel v. Deutsche Bank National Trust Co.*,
    735 F.3d 220 (5th Cir. 2013)................................................................................... 19

*Renfrow v. CTX Mortg. Co., LLC*,
    2012 U.S. Dist. LEXIS 117823, at *13 (N.D. Tex. Aug. 20, 2012) ............................. 20

*Sauceda v. GMAC Mortg. Corp.*,
    268 S.W.3d 135 (Tex. App.—Corpus Christi 2008, no pet.) ...................................... 23

*SCLC v. Supreme Court*,
    252 F.3d 781 (5th Cir. 2001) ................................................................................... 10

*Scrushy v. Tucker*,
    2021 U.S. Dist. LEXIS 155644, at *5 (S.D. Tex. Aug. 18, 2021) ................................. 4

*Searcy v. CitiMortgage, Inc.*,
    2019 U.S. Dist. LEXIS 30120, at *15 (N.D. Tex. Feb. 26, 2019) ............................... 13

*Simon v. United States DOJ*,
    2022 U.S. App. LEXIS 25225, at *4 (7th Cir. 2022).................................................. 12

*SKY/RGS Props., Ltd. v. First Nat'l Bank & Trust Co.*,
    1996 U.S. Dist. LEXIS 23078, at *9 (N.D. Tex. Dec. 4, 1996)................................... 24

*Smith v. JPMorgan Chase Bank*,
    N.A., 2016 U.S. Dist. LEXIS 127030, at *13 (E.D. Tex. Sep. 19, 2016)........................ 3

*Snowden v. Wells Fargo Bank, N.A.*,
    2019 U.S. Dist. LEXIS 23557, at *28 (N.D. Tex. Jan. 18, 2019) ............................... 24

*Speech First, Inc. v. Fenves*,
    979 F.3d 319 (5th Cir. 2020)................................................................................... 16

*T.F.W. Mgmt. v. Westwood Shores Prop. Owners Ass'n*,
    79 S.W.3d 712 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ........................ 25

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002)................................................................................... 10

*Test Masters Educ. Servs., Inc. v. Singh*,
    428 F.3d 559 (5th Cir. 2005)................................................................................... 11

*Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*,
    300 S.W.3d 348 (Tex. App.—Dallas 2009, pet. denied) ............................................ 20

*Tierranegra v. JPMC Specialty Mortg. LLC*,
    2019 U.S. Dist. LEXIS 617, at *3-4 (S.D. Tex. Jan. 2, 2019) ..................................... 3

*Trevino v. Bank of N.Y. Mellon ex rel. Certificate Holders of the CWABS, Inc.*,
    2020 U.S. Dist. LEXIS 28846 (S.D. Tex. Jan. 29, 2020)........................................... 15

*Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*,
    644 S.W.2d 705 (Tex. 1982).................................................................................... 23

*Val-Com Acquisitions Trust v. Bank of Am., N.A.*, U.S. Dist. LEXIS 66156, at *7 (N.D. Tex. June 9,
    2011)..................................................................................................................... 20

*Van Duzer v. U.S. Bank, N.A.*,
    995 F. Supp. 2d 673 (S.D. Tex. 2014) ..................................................................... 17

*Van Duzer,*
   995 F. Supp. 2d at 689-90 ............................................................................... 18
*Vanderbol v. State Farm Mut. Auto Ins. Co.,*
   2020 U.S. Dist. LEXIS 219987, at *12 (E.D. Tex. 2020) ............................... 9
*Vernon v. Perrien,*
   390 S.W.3d 47 (Tex. App.—El Paso 2012, no pet.) ...................................... 18
*Walker v. Beaumont Indep. Sch. Dist.,*
   938 F.3d 724 (5th Cir. 2019) ........................................................................ 10
*Wynder v. McMahon,*
   360 F.3d 73 (2d Cir. 2004) ............................................................................. 9

## Statutes

12 U.S.C. § 2605(e) ...................................................................................... 22
12 U.S.C. § 2605(f)(1)(A)-(B) ...................................................................... 22
12 U.S.C. § 2607(a) ...................................................................................... 21
12 U.S.C. § 2607(b) ...................................................................................... 21
12 U.S.C. § 2614 .......................................................................................... 21
15 U.S.C. § 1601 ............................................................................................ 6
15 U.S.C. § 1602(w) ..................................................................................... 19
15 U.S.C. § 1635(e)(1) ................................................................................. 19
2010 U.S. Dist. LEXIS 111555 ..................................................................... 19
2013 U.S. Dist. LEXIS 106589 ..................................................................... 19
Tex. Prop. Code § 51.0001(4)(C) ................................................................... 7

## Rules

Fed. R. Civ. P. 12(c) ..................................................................................... 13
Fed. R. Evid. 201(b) ....................................................................................... 2
Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................... 2
Rule 8 of the Federal Rules of Civil Procedure ............................................... 9

## I.  **SUMMARY OF ARGUMENT**

This case is a typical *pro se* lawsuit brought against the mortgagees, mortgage servicers, and other related parties in a scheme to evade the enforcement of a lien on real property after the plaintiff has defaulted on a loan. The fact pattern here is not only familiar to the Court because this type of case is routinely filed, but also because **this Court has previously dismissed this exact case concerning the same nucleus of facts with prejudice**, and such dismissal has been affirmed by the Fifth Circuit Court of Appeals.

Plaintiffs Antwan Henry and Terri Jenkins ("Plaintiffs") are serial litigants. Specifically, Plaintiff Henry routinely files lawsuits and bankruptcy petitions in this Court in an in an effort to avoid the foreclosure and sale of his Property (defined, *infra*) and further eviction therefrom. This case is no different. Plaintiffs have sued Defendants Carrington Mortgage Services, LLC ("Carrington"), and The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates 2006-5 ("BONYM"), in another effort to stymy their creditors and their related parties.

Plaintiffs' Complaint is simply a mélange of demonstrably false statements, conclusory assertions and legal theories that debtors fruitlessly recycle seeking to avoid mortgagees' enforcement of liens. Indeed, Plaintiffs bring a raft of claims that are not only the typical claims found on the internet, but also claims and theories that are routinely rejected by Courts—and were already rejected by this Court.

For the following reasons, Plaintiffs' claims against Defendants Carrington and BONYM should be dismissed: (1) Plaintiffs' claim are barred by res judicata; (2) Plaintiff Terri Jenkins lacks standing to bring this suit; and (3) Plaintiffs' Complaint fails to meet the standards of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Defendants Carrington and BONYM respectfully request that this Honorable Court grant this Motion to Dismiss, and enter an order

1

dismissing all of Plaintiffs' claims with prejudice.

## II.  STATEMENT OF NATURE AND STAGE OF PROCEEDING

The case is in its infancy. Plaintiffs filed their Complaint on August 23, 2022, bringing claims against Defendants Carrington and BONYM that have already been dismissed by this Court in a prior lawsuit in 2019. Two named Defendants have filed motions to dismiss. (*See* D.E. 5, 6). Defendants Carrington and BONYM hereby file their Motion to Dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

## III.  STATEMENT OF ISSUES

1.  Whether the above-captioned lawsuit is barred by res judicata as to Defendants Carrington and BONYM based on Judge Sim Lake's Order Dismissing Plaintiff's claims against them with prejudice in an identical case captioned *Antwan Henry v. Carrington Mortgage Services, LLC, et al.*, Civil Action No. 4:18-cv-04414, which was affirmed by the Fifth Circuit Court of Appeals;

2.  Whether Plaintiff Terri Jenkins lacks standing to sue in the above-captioned lawsuit;

3.  Whether Plaintiffs' Complaint should be dismissed for failure to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure; and

4.  Whether Plaintiffs' Complaint fails to state a claim and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.  FACTUAL BACKGROUND

### 1.  The Loan, Lien, and Property at Issue.

Plaintiff Henry received a loan from Network Funding, L.P. in 2005. (*See* D.E. 1, at 6 ¶¶ 35–38; at 7 ¶ 42).  He used the money to purchase real property at 11939 Canyon Valley Drive, Tomball, Texas 77377 (the "Property"). (*See* Deed, attached hereto as **Exhibit A**[1]; D.E. 1, at 3 ¶ 13; at 5 ¶ 23;

---

[1] Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that is not subject to reasonable dispute so long as it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questions. FED. R. EVID. 201(b). "A court may

at 6 ¶ 13). He acquired title to the Property by a general warranty deed. (*See* **Ex. A**).[2] The deed recites title was conveyed "for the further consideration of the sum paid to GRANTOR by Network Funding, L.P., . . . being in the amount $167,200.00" and reflects Plaintiff Henry "has executed [Plaintiff Henry's] note of even date herewith for such amount pay able to the order of [Network Funding, L.P.]." (*See id.*, at 1).

Mr. Henry secured his promise to repay the loan with interest by granting a lien on the property with a power of sale. (*See* Deed of Trust, attached hereto as **Exhibit B**). The beneficiary of the security instrument was Mortgage Electronic Registration Systems, Inc. ("MERS"). (*See id.*, at 1). MERS assigned its interest under the security instrument on November 4, 2011 to Defendant BONYM. (*See* Assignment of Deed of Trust, attached hereto as **Exhibit C**). Defendant Carrington is the current mortgage servicer. (*See* Substitute Trustee's Deed, attached hereto as **Exhibit D**).

Plaintiffs Antwan Henry and Terri Jenkins brought this lawsuit (for the third time) seeking to set aside a non-judicial foreclosure of the Property, held on August 2, 2022, pursuant to the Deed of Trust. Defendant LEPP Capital LLC was the successful purchase of the subject property at the foreclosure pursuant to the Substitute Trustee's Deed dated August 12, 2022. (*See id.*).

## 2. <u>Plaintiff Henry's Abuse of the Legal System in a Calculated and Continuous Scheme to Attempt to Avoid Repaying His Debts.</u>

### a. *Henry I – Voluntary Dismissal.*

---

take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)). "The Court may specifically take judicial notice of public records such as a deed, assignment of a deed of trust, or similar document filed with the county property records office." *Smith v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 127030, at *13 (E.D. Tex. Sep. 19, 2016); *see also Tierranegra v. JPMC Specialty Mortg. LLC*, 2019 U.S. Dist. LEXIS 617, at *3-4 (S.D. Tex. Jan. 2, 2019) (Alvarez, J.).

[2] The instant case also names Terri Jenkins as Plaintiff. Other than Plaintiffs' vague use of the term "Plaintiffs" throughout the allegations of the Complaint, it appears that Plaintiff Jenkins' attenuated-at-best relation to this lawsuit is simply that Plaintiff Jenkins allegedly lived at the Property at some point in time. (D.E. 1, at 3 ¶ 13). As easily confirmed by Plaintiffs' Complaint in this case as well as public records, it is clear that Plaintiff Jenkins does not have, nor has ever had, any ownership or legal interest in the Property. (*See* **Exs. A–D**; *see also* HCAD Real Property Records, attached as **Exhibit E**, (showing no ownership by Terri Jenkins); *see also* D.E. 1, at 6 ¶¶ 36–37 (noting Antwan Henry as the name on the Deed of Trust)).

On November 16, 2014, Plaintiff Henry filed a suit in this Court against Bank of America, N.A. and Defendant BONYM in a case captioned *Antwan Henry v. Bank of America, N.A., et al.*, Civil Action No. 4:14-cv-2497, ("*Henry I*") in an attempt to shirk his responsibilities for the debt on the Property. (*See Henry I* Am. Compl., attached hereto as **Exhibit F**).[3] The *Henry I* Amended Complaint contained over 300 numbered paragraphs and brought the following purported claims: (1) quiet title; (2) declaratory relief; (3) cancellation of instrument; (4) equitable accounting; (5) breach of fiduciary duty; and (6) violation of the violation of the Fair Debt Collections Practices Act ("FDCPA"). (*See generally id.*). On January 9, 2015, Judge Sim Lake of this Court denied Plaintiff Henry's demand for temporary injunctive relief to bar foreclosure on the Property. (*See* Order, attached hereto as **Exhibit G**).[4] Thereafter, Plaintiff Henry voluntarily dismissed *Henry I* without prejudice. (*See* Notice of Voluntary Dismissal, attached hereto as **Exhibit H**; Order of Dismissal, attached hereto as **Exhibit I**).[5]

   b.   *Henry II – Dismissal with Prejudice.*

On October 15, 2018, Plaintiff Henry filed a second lawsuit against Defendants Carrington and BONYM in a case captioned *Antwan Henry v. Carrington Mortgage Services, LLC, et al.*, Cause No.

---

[3] A court may take judicial notice of documents filed in other proceedings. *See Balke v. Carmichael*, 2019 U.S. Dist. LEXIS 244784, at *36 (S.D. Tex. July 30, 2019) (Rosenthal, J.); *see also Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) ("[W]e take judicial notice of the previous judgments and opinions, matters of public record that were attached to the motion to dismiss."); *Scrushy v. Tucker*, 2021 U.S. Dist. LEXIS 155644, at *5 (S.D. Tex. Aug. 18, 2021) ("The court can also take judicial notice of pleadings filed in state or federal courts.") (Rosenthal, J.).

[4] "The court may take judicial notice of a court order." *Basler v. Barron*, 2016 U.S. Dist. LEXIS 55853, at *5 (S.D. Tex. Apr. 27, 2016) (Miller, J.) (citing *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995)); *accord Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, 2012 U.S. Dist. LEXIS 97439, at *3 (S.D. Tex. July 12, 2012) (Harmon, J.); *see also Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020) (taking judicial notice of arbitration order).

[5] Prior to filing *Henry II*, on January 6, 2015 (the day after the court denied Plaintiff Henry's motion for a temporary injunction in [*Henry I*], Plaintiff filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the Southern District of Texas. The bankruptcy court dismissed Plaintiff [Henry's] petition shortly thereafter when Plaintiff [Henry] failed to comply with the bankruptcy court's orders." *Henry v. Carrington Mortg. Servs., LLC*, 2019 U.S. Dist. LEXIS 99923, at *3 (S.D. Tex. June 14, 2019) (Lake, J.). "Plaintiff [Henry] filed another voluntary bankruptcy petition, and his petition was again dismissed shortly thereafter for Plaintiff [Henry's] failure to follow the bankruptcy court's orders." *Id.*

2018-74113, in the 80th Judicial District Court of Harris County, Texas. (*See Henry II* Complaint, attached hereto as **Exhibit J**).[6] *Henry II* involved the same Property at issue as in *Henry I*, in addition to substantially similar parties and claims. (*Compare* **Ex. J** *with* **Ex. F**). *Henry II* was removed to this Court on November 20, 2018, and captioned *Antwan Henry v. Carrington Mortgage Services, LLC, et al.*, Civil Action No. 4:18-cv-04414. (*See* C/A No. 4:18-cv-04414, D.E. 1, at 1–6). The *Henry II* Complaint contained over 350 numbered paragraphs and brought the following purported claims: (1) quiet title; (2) declaratory relief; (3) cancellation of instrument; (4) equitable accounting; (5) violation of FDCPA; (6) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (7) "unconscionable inducement"; and (8) "dual tracking" under 12 U.S.C. § 2605(f). (*See* **Ex. J**, at ¶¶ 260–341).

Plaintiff Henry's allegations and claims in *Henry II* are substantially similar to those in *Henry I*— a potpourri of demonstrably false statements, conclusory assertions, unsupportable allegations, and untenable legal theories which are routinely recycled by debtors seeking to avoid a mortgagee's enforcement of a lien. (*Compare* **Ex. J** *with* **Ex. F**). On December 11, 2018, Defendants Carrington and BONYM filed a dismissal motion of all of Plaintiff Henry's claims in *Henry II*. (*See* Dismissal Motion *Henry II*, attached hereto as **Exhibit K**).[7] **On June 14, 2019, Judge Sim Lake of this Honorable Court entered a reasoned Memorandum Opinion and Order dismissing all of Plaintiff Henry's claims against Defendants Carrington and BONYM <u>with prejudice</u>.** (*See* Order, attached hereto as **Exhibit L** (granting the dismissal motion of Defendants Carrington and BONYM in its entirety)). The Court's order dismissing Plaintiff Henry's claims with prejudice was affirmed by the Fifth Circuit Court of Appeals on January 5, 2022. *See Henry v. Ditech Fin.*, 2022 U.S.

---

[6] The exhibits to the *Henry II* Complaint have not been included for the sake of economy, but will be provided to the Court if the Court requests the same.

[7] The exhibits to the Dismissal Motion have not been included for the sake of economy, but will be provided to the Court if the Court requests the same.

App. LEXIS 231 (5th Cir. Jan. 5, 2022) (Per Curiam).

> c. Plaintiffs Bring the Same Claims Against the Same Parties in this Case (*Henry III*).

On August 23, 2022, Plaintiff Henry[8] once again attempts to bring the same lawsuit, with **nearly identical** allegations, claims, and parties by filing the Complaint herein. (*Compare* D.E. 1 *with* **Ex. F** and **Ex. J**). This is Plaintiffs Henry's second lawsuit against Defendant Carrington and the third lawsuit against Defendant BONYM. Plaintiffs' Complaint contains over 328 numbered paragraphs[9] of false statements, conclusory assertions, unsupportable allegations, and untenable legal theories and purports to bring the following claims against Defendants Carrington, BONYM, and others: (1) quiet title/ejectment/trespass; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (3) unjust enrichment; (4) violation of RESPA; (5) nuisance/wrongful foreclosure; (6) declaratory relief; (7) cancellation of instrument; and (8) equitable accounting. (*See generally* D.E. 1). All of these claims either were, or should have been, brought in *Henry I* and *II*. And, those claims were all **dismissed with prejudice** by this Court in *Henry II*. (*See* **Exs. K**, **L**).

> d. Plaintiffs Deny the Loan Exists and Make Other Demonstrably False Assertions.

Plaintiffs' Complaint is riddled with conclusory and demonstrably false allegations, so much so, that it would it would take a near complete regurgitation of the Complaint to list each and every allegation. Instead, Defendants Carrington and BONYM lists several examples, as follows.

Plaintiff Henry begins his Complaint by asserting that he owns the Property and received title thereto pursuant to a general warranty deed. (*See* D.E. 1, at 5 ¶ 23; at 6 ¶¶ 33–34). He confirms that the Deed of Trust was recorded in his name as "BORROWER," (*id.*, at 6 ¶¶ 35–38), confirms that Network Funding, L.P. is the named "Lender" on the Deed of Trust, (*id.*, at 7 ¶ 42), and confirms that

---

[8] *See* n.2, *supra*.

[9] The Complaint in this case contains several numbering errors. (*See, e.g.*, D.E. 1, at **4**; at 41).

a there is a loan encumbering the Property. (*See, e.g., id.*, at 7 ¶ 51, "Plaintiffs are not in default of any loan encumbering the Property."; at 2 ¶ 4 "The loan was purported to be assigned to the trust after the 'cut-off-date,' therefore the loan is not part of the Loan Pool of the Trust."; at 3 ¶ 9 "Plaintiffs seek rescission of the loan agreement, cancellation of the Note and Mortgage . . . restitution of all closing costs paid by Plaintiffs for said loan . . . .). Simultaneously, however, he asserts that Network Funding, L.P. "did not lend any money to Plaintiff," that it "did not lend any credit to Plaintiff," that "[n]o Defendant holds the note and the mortgage," that the "holder/owner/investor/real party in interest is not any Defendant," and that "Plaintiffs never received a loan from the Lender." (D.E. 1, at 7 ¶¶ 41, 43–44, 50; at 23 ¶ 224).

Plaintiff Henry admits that Defendant Carrington is the loan servicer. (*Id.*, at 27 ¶ 266). He makes the meaningless assertion BONYM "is not owner and holder of a Note encumbering the Property." (*Id.*, at 4 ¶ 16). He contends BONYM is not the mortgagee of the Property, (*id.*, at 11 ¶ 93), despite it being the last assignee of record and therefore mortgagee of the instrument by definition. (*See* **Exs. C, D**; *see* Tex. Prop. Code § 51.0001(4)(C) ("Mortgagee means: . . . if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."). Contrary to his assertions that he never borrowed money in a loan secured by the Property, Plaintiff Henry makes the bizarre assertion that BONYM "took the Note with notice that it is in default" and "knowingly put itself in harm's way." (D.E. 1, at 4 ¶ 17). Even if this were somehow relevant to his claims—which it is not—the property record reflects Plaintiff Henry cured any default existing prior to 2015 by agreeing to a loan modification four years after BONYM became the mortgagee. (*See* **Exs. C, D**).

e.  Plaintiffs Discredited Theories and Conclusory, Irrelevant Assertions.

Plaintiffs' 328-plus paragraph Complaint is a litany of discredited legal theories typical of *pro se* litigants seeking to avoid repaying their debts. He asserts the hold-the-note and split-the-note

theories. (*See e.g.*, D.E. 1, at 7 ¶ 50 ("No Defendant holds the note and the mortgage."); *see also id.*, at 20–21 ¶¶ 201–208)). He claims the lien is invalid because the loan was improperly securitized, (*see id.*, at 8 ¶ 53, 63); even if this were plausible his allegations in this regard are inscrutable. (*See, e.g., id.*, at 8 ¶ 60 ("The mortgage originator, although designated as 'lender' or even 'beneficiary' is not the creditor even for a hypothetical instant in time.")). He contends he is entitled to a free house because he did not consent to electronic transfer of documents. (*See id.*, at 9 ¶¶72–74). He asserts "[t]here is not an unbroken chain of transfers of the mortgage note from the originator to the trust" (*see id.*, at 9 ¶ 75–76; at 10 ¶¶ 77–87), despite enforcement of the lien relying on the security instrument—not the note— and the property record demonstrating a single assignment from the original beneficiary conveyed the security instrument to BONYM (*See* **Ex. C**; *see also* **Ex. A**, at 3-4 (indorsements from the original lender Network Funding, L.P. to Milestone Mortgage Corporation, from that entity to Countrywide Bank, N.A., from that entity to Countrywide Home Loans, Inc., from that entity to blank)).

Mr. Henry attacks the validity of the assignment largely by reciting a cascade of conclusory statements with no facts pled in support. (*See* D.E. 1 at 15–19 ¶¶ 134–186). He also attacks the validity of the appointment of substitute trustees in the same conclusory fashion. (*See id.*, at 12–15 ¶¶ 101– 133; at 19–20 ¶¶ 187–200). He asserts MERS lacked the ability to assign security instruments in Texas, (*see id.*, ¶¶ 133-45), despite MERS's authority to do so being a well litigated and repeatedly settled issue. Among his stew of conclusory assertions is various individuals lacked authority to execute documents, again failing to plead any specific facts from which to conclude his assertions are plausible. (*See, e.g.,* at 13 ¶ 108; at 14 ¶ 125; at 16 ¶ 145; at 18 ¶ 171; at 19 ¶ 192). Plaintiff Henry also fails to plead any basis from which to conclude he has standing to contest an assignment between MERS and BONYM or the securitization of the loan.

Plaintiffs allegations against Defendant Carrington are wild, far-flung, conclusory, and are not supported by any alleged facts. (*See, e.g.*, D.E. 1, at 28 ¶ 270 (Defendant Carrington "purchased

Plaintiffs' home 'from themselves.;"); at 31 ¶ 293 (Defendant Carrington "foreclos[ed] on a void security interest [and] purchased Plaintiffs' property for a price that is so low that it shocks the conscience."); at 28 ¶ 267 (Defendant Carrington "has not credited all payments to Plaintiff's account" in an unspecified fashion); ¶¶ 268–269 and at 34 ¶¶ 308–309 (Plaintiff Henry mailed letters to which Defendant Carrington did not respond)). The only claims brought against Defendant BONYM, are those that are brought without specificity against "all defendants". (*See id.*, at 29 ¶¶ 279–283 (quiet title); at 35–37 ¶¶ 321–337 (declaratory relief); at 37–38 ¶¶ 338–340 (cancellation of instrument); at 38 ¶¶ 341–344 (equitable accounting)).

Much of the remainder of Plaintiffs' Complaint is simply gibberish. (*See, e.g.,* D.E. 1 at 28, ("Federal Reserve Notes do not trade at pay with gold or silver coin. For example, the American Gold Eagle Ten-Dollar Coin costs more than $10.00 in Federal Reserve Notes, and the Spanish Mill Dollar costs more than $1.00 Federal Reserve Note."; at 26 ¶ 252 "The Lender did not lend nor provide any "dollars," as defined by Congress . . ."; at 26 ¶ 257 ("The Lender failed to provide two copies of Notice of Right to Cancel in a form that Plaintiffs could keep.");

## V.   **ARGUMENT AND CITATION OF AUTHORITY**

### 1.   **Standard for Motion to Dismiss.**

#### a.   Rule 8 of the Federal Rules of Civil Procedure.

Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." *See* FED. R. CIV. P. 8. Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." *Id.* "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). While *pro se* pleadings are provided a more liberal construction, a "Court will not 'act as a plaintiff's de facto attorney or rewrite a deficient complaint." *Vanderbol v. State Farm Mut. Auto Ins. Co.*, 2020 U.S. Dist. LEXIS 219987, at *12 (E.D. Tex. 2020) (quoting *Geisert v. Brown*, 2010 U.S.

Dist. LEXIS 161082, at*8 (N.D. Tex. June 22, 2010)). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993). It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant. *In re Moody*, 105 B.R. 368, 370 (S.D. Tex. 1989) (Lake, J.) (citing *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979)).

      b.  <u>Rule 12(b)(6) of the Federal Rules of Civil Procedure.</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of motions to dismiss asserting, as a defense, a plaintiff's "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). "Dismissal [under Rule 12(b)(6)] is appropriate when the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and therefore fails to 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker*, 938 F.3d at 734 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations that are merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief, and thus are inadequate." *Walker*, 938 F.3d at 735. Indeed, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *SCLC v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001)).

2. **Plaintiffs' Claims are Barred by Res Judicata**.

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA*, 718 F.3d 460, 466-67 (5th Cir. 2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted). And, the res judicata effect of a prior judgment is a question of law. Comer, 718 F.3d at 466.

True "res judicata bars all claims that were brought *or* could have been brought based on the operative factual nucleus." *Ellis*, 211 F.3d at 938 n.1 (emphasis in original); *accord Singh* 428 F.3d at 571 (5th Cir. 2005). "True res judicata 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" *Comer*, 718 F.3d at 467 (quoting *Singh*, 428 F.3d at 571). "[D]ismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (citations omitted). "The Court may find that claims are barred by res judicata after taking judicial notice of prior pleadings and orders." *Avila v. Ocwen Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 200603, at *4 (W.D. Tex. June 6, 2014) (citations omitted); *see also Palmer v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 75709, at *3-4 (N.D. Tex. May 30, 2013) ("[T]he court may take judicial notice of the record in a prior related proceeding over which it presided, and may dismiss a complaint sua sponte under principles of res judicata."). For the reasons set forth below, this suit, *Henry III*, is barred by res judicata and should be dismissed with prejudice as to Defendants Carrington and BONYM.

a. The Parties are the Same in *Henry III* and *Henry II*.

Both *Henry II* and *Henry III* name Carrington and BONYM as Defendants, and it was

specifically the dismissal motion of Defendants Carrington and BONYM that was granted in *Henry II*. Additionally, Plaintiff Antwan Henry is the same Plaintiff in *Henry II* and *Henry III*. Nevertheless, Plaintiff Henry attempts to add Plaintiff Terri Jenkins to this suit in an obvious effort to avoid res judicata. First, "[a] plaintiff cannot, merely by adding parties, diminish the effect of a prior suit against parties with whom the plaintiff has litigated issues to final judgment." *Kinnison v. Humana Health Plan of Tex., Inc.*, 2008 U.S. Dist. LEXIS 47289, at *19-20 n.9 (S.D. Tex. June 17, 2008) (Jack, J.) (quoting *Jurisich v. Louisiana Dept. of Wildlife and Fisheries*, 1991 U.S. Dist. LEXIS 5243, 1991 WL 61739 at *6 (E.D. La. April 16, 1991)); *accord Holliday v. Select Portfolio Servicing, Inc.*, 2019 U.S. Dist. LEXIS 215487, at *7 (W.D. Tex. 2019) ("Where the alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit, a plaintiff may not avoid the application of res judicata by adding new parties." (citation and quotations omitted)); *Simon v. United States DOJ*, 2022 U.S. App. LEXIS 25225, at *4 (7th Cir. 2022) (noting that a plaintiff cannot defeat the application of claim preclusion against the defendants in question by adding a new party to the lawsuit).

Second, Plaintiff Jenkins does not have standing to sue because Plaintiff Jenkins does not have, nor has ever had, any ownership or legal interest in the Property. Third, Plaintiff Jenkins is, at best, a nominal Plaintiff because there are no specific allegations or claims attributed to Plaintiff Jenkins separate and apart from Plaintiff Henry. Thus, the Parties are the same for the purposes of res judicata, and this element is met.

  b. The Judgment in *Henry II* was Rendered by a Court of Competent Jurisdiction.

The Order dismissing Plaintiff's claims in *Henry II* was entered by Judge Sim Lake in this Honorable Court, which was affirmed by the Fifth Circuit Court of Appeals. Accordingly, the competence of the issuing court cannot be questioned.

  c. The Judgment in *Henry II* Was a Final Judgment on the Merits.

Defendants Carrington and BONYM's Motion to Dismiss in *Henry II* was brought pursuant

12

to Rule 12(c) of the Federal Rules of Civil Procedure. (*See* **Ex. K**). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). Further, "a dismissal which is designated 'with prejudice' is normally an adjudication on the merits for purposes of res judicata." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (citation omitted). This Court's order granting the dismissal motion of Defendants Carrington and BONYM in *Henry II* is, thus, a final judgment on the merits. (*See* **Ex. L**).

> d. <u>*Henry III* Involves the Claims That Were, or Could Have Been Brought, in *Henry II.*</u>

In both *Henry II* and *Henry III*, Plaintiff brought against Defendants Carrington and BONYM claims for (1) quiet title; (2) declaratory relief; (3) cancellation of instrument; (4) violation of RESPA; and (5) equitable accounting. (*Compare* **Ex. J** *with* D.E. 1). Those claims are indisputably the same for the purposes of res judicata.

In this case, Plaintiffs also bring purported claims for (1) violation of the TILA; (2) unjust enrichment; (3) nuisance/wrongful foreclosure. (*See* D.E. 1). However, those claims are the same because they *could have* been brought in *Henry II*. Indeed, the allegations in the *Henry III* Complaint are nearly identical to those in the *Henry II* Complaint and, thus, arise out of the same common nucleus of operative fact. *See Searcy v. CitiMortgage, Inc.*, 2019 U.S. Dist. LEXIS 30120, at *15 (N.D. Tex. Feb. 26, 2019); *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 265 (5th Cir. 2018). Accordingly, the "same claim" element of res judicata is met.

> e. <u>*Smallwood v. Willow Way, LLC*[10] is Instructive.</u>

---

[10] 2021 U.S. Dist. LEXIS 120814 (N.D. Tex. 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 120138 (N.D. Tex. June 28, 2021).

The *Smallwood* case is on all fours with the above-captioned suit. (*See Smallwood*, attached hereto as **Exhibit M**). In that case, Plaintiffs executed a promissory note in favor of Countrywide Home Loans, Inc., secured through a deed of trust to purchase the property. The deed of trust named MERS, and its successors and assignees, as the beneficiary and nominee for Countrywide. It expressly granted MERS the right to transfer the interest in the property and the right to enforce the deed of trust. Plaintiffs were sent a notice of acceleration, explaining that they were in default, they failed to cure the default, and the maturity date under the loan documents had been accelerated as a result.

Plaintiffs defaulted on their mortgage and filed multiple lawsuits *pro se* against various parties and also filed for bankruptcy multiple times in a calculated scheme to prevent foreclosure sales of the property, and prevent eviction after the property was sold. Each time, Plaintiffs brought slightly different claims and espoused different theories, but the factual background was nearly identical. For one reason or another, each of those proceedings was dismissed.

In the midst of such constant litigation, MERS assigned the deed of trust to The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2004-33 Mortgage Pass-Through Certificates, Series 2004-33. Thereafter, Plaintiffs began making claims in their suits that transfer of interest in the Property from MERS to BONYM was invalid because the note and deed of trust had never been assigned to MERS, and that the efforts to foreclose on the Property were illegal. Sounds familiar.

Ultimately, Defendants Bank of America, N.A. ("BANA") and BONYM were able to obtain a dismissal of Plaintiffs' claims against them in one of the lawsuits with prejudice, which was affirmed by the Fifth Circuit Court of Appeals. Plaintiffs property was then sold at foreclosure sale. In the next suit, the majority of Plaintiffs claims against BANA and BONYM were dismissed based on res judicata.

In an effort to prevent an eviction, Plaintiffs brought suit again. The court granted

Defendants' motions to dismiss and dismissed all the claims with prejudice because they were barred by res judicata. This time, the Court also warned Plaintiffs that "future litigation asserting claims centered on [the Property]—whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court—could subject them to sanctions, including the Court imposing monetary sanctions and/or precluding them from making further filings without leave of Court."

In 2020, Plaintiffs filed another *pro se* action to stop an eviction. Once again (like here), Plaintiffs alleged that the assignment of the note and deed of trust to BONYM and subsequent conveyance of the property by way of the substitute trustee's deed are invalid. This time, Defendants moved to dismiss Plaintiffs' claims, and moved for sanctions. Among other arguments, Defendants argued that the factual allegations and prayer asserted against them in the current lawsuit are "near carbon copies" of a previous lawsuit, and that the claims asserted against them concerning the property were barred by res judicata because they were "already entertained and denied" by the courts in the prior lawsuits. The Court agreed and granted Defendants' motion to dismiss because Plaintiffs' Complaint failed to state a claim and because such claims were barred by res judicata. Further, the Court granted Defendants' motion for sanctions and barred the Plaintiffs forever from filing lawsuits in the U.S. District Court for the Northern District of Texas without leave of court.

There are scores of cases with the same fact patterns as *Smallwood* and the instant case where plaintiffs' claims are dismissed under res judicata after filing lawsuits time and time again in an effort to prevent foreclosure of their property.[11]

Plaintiff's pattern of abuse of the judicial system to attempt to foil his creditors from exercising

---

[11] *See, e.g., Martinez v. Am. Sav. Life Ins. Co.*, 2021 U.S. Dist. LEXIS 175276 (S.D. Tex. Sep. 15, 2021); *Trevino v. Bank of N.Y. Mellon ex rel. Certificate Holders of the CWABS, Inc.*, 2020 U.S. Dist. LEXIS 28846 (S.D. Tex. Jan. 29, 2020); *Gipson v. Deutsche Bank Nat'l Tr. Co.*, 2015 U.S. Dist. LEXIS 175323 (N.D. Tex. Oct. 27, 2015), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 8067 (N.D. Tex., Jan. 25, 2016).

their rights to foreclose on the Property and evict Plaintiff is exactly in line with the facts of the *Smallwood* case. As shown above, each and every element of res judicata has been met. Accordingly, this Court should dismiss Plaintiffs' claims with prejudice as such claims are barred by res judicata as the Court did in *Smallwood*.

### 3. **Plaintiff Jenkins Lacks Standing**.

"To have standing, a plaintiff must (1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560–561 (1992)). A Plaintiff must have a legal interest in real property in order to have standing to bring a lawsuit pertaining to such real property. *Harrison v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 167184, at *4 (S.D. Tex. Dec. 3, 2014) (Froeschner, Mag. J.); *see also Shirley v. Garza*, 2013 U.S. Dist. LEXIS 127804, at *11 (S.D. Tex. Sep. 5, 2013) ("absent an interest in the Condominium, Plaintiffs have no standing to challenge the validity of its sale at foreclosure.") (Harmon, J.). Stated another way, the lack of a legal interest in real property means a plaintiff has "no longer suffered any injury-in-fact, a necessary element for standing to exist." *Harrison*, 2014 U.S. Dist. LEXIS 167184, at *4 (citing *Lujan*, 504 U.S. at 559).

Plaintiff Jenkins lacks standing to sue because the Complaint and publics records reveal that Plaintiff Jenkins does not have, nor has ever had, any ownership or legal interest in the Property. Moreover, no specific allegations or claims in the Complaint can be attributed to Plaintiff Jenkins separate and apart from Plaintiff Henry. Indeed, other than the allegation that Plaintiff Jenkins resides at the Property, Plaintiff Jenkins is only summarily included in the word "Plaintiffs." Accordingly, Plaintiff Jenkins lacks standing because Plaintiff Jenkins has suffered no injury in fact that is fairly traceable to the challenged action of the defendant, and no decision of this Court in this matter will affect Plaintiff Jenkins' legal rights. Thus, all of Plaintiff Jenkins in this case—whatever those might

be—should be dismissed.

**4. Plaintiffs' Complaint Fails to Meet the Standards of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and Should Be Dismissed.**

As an initial matter, Plaintiffs' Complaint does not comply with Rule 8. Plaintiffs' Complaint contains over 328 number paragraphs of false statements, conclusory assertions, unsupportable allegations, and untenable legal theories. Indeed, Plaintiffs' Complaint provides no specific factual allegations that would give rise to any cognizable action for recovery. Consequently, Plaintiffs' Complaint should be dismissed.

Second, as set forth more specifically below, all of Plaintiffs' fail to state a claim upon which relief can be granted, and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[12]

a. Plaintiffs' Themes Regarding Invalidity of the Documents Are Frivolous.

The Court should also "view with suspicion and distrust" Plaintiffs' conclusory assertions facially valid documents in the property record are defective. *Van Duzer v. U.S. Bank, N.A.*, 995 F. Supp. 2d 673, 688 (S.D. Tex. 2014) (Lake, J.). Plaintiffs' blanket assertions are far short of pleading facts in a "clear, cogent, and convincing" manner in order to overcome the presumption of validity due real property records. *Id.*

Plaintiffs' attacks on MERS's authority to assign the deed of trust fails as a matter of law. The Fifth Circuit held MERS "qualifies as a mortgagee" under Texas law. *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013). "Courts in the Fifth Circuit have repeatedly upheld MERS' assignment of mortgages to other entities." *Khan v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 6559, at *26 (S.D. Tex. Jan. 17, 2014) (Atlas, J.). MERS is named beneficiary and "nominee for Lender and Lender's successors and assigns" in the security instrument. (*See* **Ex B**, at 2).

---

[12] Where applicable, this Motion parrots Judge Lake's reasoning in the Order dismissing Plaintiffs' claims in *Henry II* or the dismissal motion of Defendants Carrington and BONYM in the same case.

Plaintiffs also lack standing to challenge the assignment, *see Van Duzer*, 995 F. Supp. 2d at 689-90, or the securitization of the debt. *See Herrera v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 33592, at *34 (S.D. Tex. Mar. 12, 2013) (holding plaintiff's lack of standing to contest an assignment reflects "[t]he same principle vitiat[ing] [plaintiff's] challenge that [mortgagee] violated the rules and regulations of the PSA in securitizing his mortgage") (Harmon, J.).

> b.  First Cause of Action of Quiet Title/Ejectment/Trespass.

A suit to remove cloud or to quiet title exists "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). The plaintiff has the burden of proof to establish his superior equity and right to relief. *Id.* To do so "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61-62 (Tex. App.—El Paso 2012, no pet.) (citation omitted). The plaintiff must recover on the strength of his own title, not on the weakness of the defendant's title. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); Ventura v. Wells Fargo Bank, N.A., 2017 U.S. Dist. LEXIS 47517, at *3 (N.D. Tex. March 30, 2017); *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Plaintiffs plead a quiet title claim against all Defendants alleging that their claim to the Property is "invalid, unenforceable and without merit" and that Defendants "have no estate, title, claim, lien, or interest in the [Property]." (*See* D.E. 1, at 30 ¶ 285). Plaintiffs base their claim on the weakness of Defendants' title, rather than the strength of his own title. Plaintiff also contests the validity MERS's assignment to BONYM. "[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d

220, 228 (5th Cir. 2013). Plaintiffs, therefore, lack standing to challenge MERS's assignment to BONYM, or any other assignment of the Deed of Trust, because Plaintiff Henry is the borrower and not the defrauded assignor.

Furthermore, the Deed of Trust attached hereto created a valid lien (of which BONYM is the beneficiary) that remains on the Property. Carrington is the current mortgage servicer and claims no interest in the Property independent of its right to enforce the lien on BONYM's behalf. For these reasons, Plaintiffs' quiet title claim against Defendants fails as a matter of law.

    c.   <u>Second Cause of Action for Violation of TILA.</u>

It appears from the Complaint that Plaintiffs seek for the Court to hold all security interests void due to a purported rescission under the TILA and alleged violations of the same. (*See* D. E. 1 at pgs. 30-31, ¶¶ 287-291).

As a threshold matter, the TILA expressly provides that the right of rescission does **not** apply to residential mortgage transactions. 15 U.S.C. § 1635(e)(1); *Green v. Bank of America*, N.A., 2013 U.S. Dist. LEXIS 106589, at *14 (S.D. Tex. July 30, 2013) (Rosenthal, J.); *Harris v. First Franklin Financial Corp.*, 2010 U.S. Dist. LEXIS 111555, at *12 (S.D .Tex. Oct. 20, 2010) (Atlas, J.). A residential mortgage transaction is "a transaction in which a mortgage [or] deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w); *Green*, 2013 U.S. Dist. LEXIS 106589, at *15, *Harris*, 2010 U.S. Dist. LEXIS 111555, at *12. Because Plaintiffs' mortgage is a residential mortgage, the right of rescission claim under TILA necessarily fails.

But even if TILA was applicable, the limitations period for Plaintiffs claim has long expired. The limitations period for a right of rescission claim under TILA is "three years after the date of the consummation of the transaction . . . notwithstanding the fact that the information and forms required under [§ 1635(a)] or any other disclosures . . .have not been delivered to the obligor." 15

U.S.C. § 1635(f). The TILA "permits no federal right to rescind . . .after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419(1998). Accordingly, courts have held that § 1635(f) it absolutely bars rescission claims filed more than three years after the loan transaction is consummated. *See Renfrow v. CTX Mortg. Co.*, LLC, 2012 U.S. Dist. LEXIS 117823, at *13 (N.D. Tex. Aug. 20, 2012) (collecting cases). Because Plaintiff's credit transaction was consummated on June 27, 2005, any right of rescission violation occurred on that date. *See Val-Com Acquisitions Trust v. Bank of Am., N.A.*, U.S. Dist. LEXIS 66156, at *7 (N.D. Tex. June 9, 2011); *see also* 15 U.S.C. §§ 1635(a). Accordingly, the limitations period for his right of rescission claim expired on June 27, 2008.

For these reasons, Plaintiffs' TILA claim fails to state a claim and should be dismissed.

      d.  <u>Third Cause of Action for Unjust Enrichment</u>

First, "[i]t is unclear under Texas law whether unjust enrichment is an independent cause of action, or simply a theory of recovery." *Credos Indus. Supplies & Rentals, LLC v. Targa Pipeline Mid-Continent WestTex LLC (In re KP Eng'g, LP)*, 2022 U.S. Dist. LEXIS 145150, at *14 n.1 (S.D. Tex. Aug. 15, 2022) (Rosenthal, J.); *see also Gierut v. Morrison*, 2018 Tex. App. LEXIS 10672, at *16 (Tex. App.—Austin Dec. 21, 2018, no pet.) ("Unjust enrichment is a measure of damages, not a cause of action."). But even if it is a separate theory of recovery, Plaintiffs' claim still fails.

  "Unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which would be unconscionable to retain." *Id.* at *14 (citing *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied)). "The unjust enrichment doctrine applies the principles of restitution to disputes which are not governed by a contract between the contending parties." *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App.—Dallas 2005, no pet.).

Here, Plaintiffs simply allege that Defendant Carrington "foreclos[ed] on a valid security interest, [and] purchased Plaintiffs' property for a price so low that it shocks the conscience." (D.E. 1,

at 31 ¶ 293). Despite the fact that this allegation is nonsensical, it does not meet the elements of a theory of unjust enrichment. Plaintiffs fail to allege what benefit Defendant Carrington received, how the benefit was wrongfully secured, and why it would be unconscionable to retain that benefit. Thus, Plaintiffs fail to plead the necessary elements of this theory.

Additionally, an unjust enrichment theory cannot apply here because there is a contract that governs this matter—i.e. the note signed my Plaintiff Henry on June 27, 2005, the Deed of Trust, and the terms of the loan modifications that he entered into over the years. (*See* **Ex. B**, at 1; **Ex. D**, at 2). The rights and remedies of the parties are governed by those documents and, thus, any theory of unjust enrichment cannot lie.

Finally, Plaintiff seeks "actual and consequential damages exceeding $350,000.00 plus, treble damages, punitive damages, and other damages to be determined at trial . . . ." (D.E. 1, at 31 ¶ 294). None of these measures of damages are recoverable under a theory of unjust enrichment, as the measure of damages is simply the amount by which a party is unjustly enriched. *See Gierut*, 2018 Tex. App. LEXIS 10672, at *16. Accordingly, Plaintiffs' "cause of action" for unjust enrichment should be dismissed.

e.  Fourth Cause of Action for Violation of RESPA.

Plaintiffs bring purported claims against Defendant Carrington for violations of three different sections of RESPA. All of these claims fail, and should be dismissed.

**RESPA Kickback.** Plaintiffs allege, without any underlying facts, that MERS members kick back a $3.95 registration fee charged to the borrower in the settlement statement of a mortgage in violation of RESPA, 12 U.S.C. § 2607. RESPA prohibits kickback payments for settlement-service business referrals in connection with federally related mortgage loans. 12 U.S.C. § 2607(a). Similarly, the payment of settlement fees for services not actually performed is also prohibited. 12 U.S.C. § 2607(b). Those provisions are subject to a one-year statute of limitations. 12 U.S.C. § 2614. The loan

was originated on June 27, 2005, which is presumably (but Plaintiffs did not even plead) when the payment of the $3.95 fee occurred. Thus, the limitations period expired on June 27, 2006—over fifteen years before the filing of this suit. Thus, Plaintiffs' RESPA claim is barred by the statute of limitations. *See Sparks v. Merscorp, Inc.,* 2009 U.S. Dist. LEXIS 152742, at *15 (S.D. Tex. 2009) (Johnson, Mag. J.).

Additionally, and more importantly, Plaintiff purportedly brings this claim against Defendant Carrington, but proceeds to make allegations against "Lender." (*See* D.E. 1, at 32–33 ¶¶ 295–302). Defendant Carrington is the mortgage servicer, not the lender. Moreover, Defendant Carrington was not involved in this loan when it was originated in 2005. Thus, Plaintiffs' RESPA kickback claim fails.

**RESPA Unearned Charges.** Plaintiffs allege that the purported $3.95 MERS service fee charged in the settlement statement of the loan was an unearned charge that violates 12 U.S.C. § 2607(b). For the same reasons set forth above, this claim is barred by the statute of limitations.

But even taking Plaintiffs' allegations as true, the $3.95 fee was disclosed to Plaintiff Henry in the settlement statement, and such fee is actually a proper fee for the MERS service—which was actually performed. *See* 12 U.S.C. § 2607(b). Notably, courts have routinely rejected Plaintiffs' theory. *See, e.g., In re Merscorp Inc.,* 2008 U.S. Dist. LEXIS 40473, at *35 (S.D. Tex. May 16, 2008) (providing robust analysis of MERS fees in relation to 12 U.S.C. § 2607(b)) (Jack, J.). Thus, Plaintiffs' RESPA unearned charges claim should be dismissed.

**RESPA Servicing.** RESPA requires a loan servicer to respond by certain deadlines to a "qualified written request" ("QWR") from a borrower. *See* 12 U.S.C. § 2605(e). To recover against a lender or servicer that fails to comply with RESPA's requirements, the borrower must allege either (1) that actual damages resulted from the RESPA violations or (2) that the defendant engaged in a "pattern or practice of noncompliance" entitling the Plaintiff to up to $2,000 in statutory damages. 12 U.S.C. § 2605(f)(1)(A)-(B); *Oden v. JPMorgan Chase Bank, N.A.,* 2012 U.S. Dist. LEXIS 64475, at *5-6 (S.D. Tex. 2012) (Atlas, J.); *Gipson,* 2015 U.S. Dist. LEXIS 175323, at *75–76.

Plaintiffs allege that they mailed a "QWR" to Carrington "that included Plaintiffs' name and account number, and provided sufficient detail to the servicer regarding information sought by Plaintiff . . . ." (D.E. 1, at 34 ¶ 308). Plaintiffs wholly fail to provide any additional allegations to meet the elements of this RESPA claim. Plaintiffs simply allege that Carrington failed to respond to his QWR, which caused him damages. (*Id.*, at 34 ¶¶ 309–310). Plaintiffs' Complaint fails explain what actual damages they suffered as a result of Carrington's alleged failure to respond. And, Plaintiffs do not allege that Carrington engaged in a "pattern or practice of noncompliance" entitling Plaintiffs to statutory damages. Thus, Plaintiffs' RESPA claim should be dismissed.

### f.   Fifth Cause of Action of Nuisance/Wrongful Foreclosure.

Plaintiffs assert a cause of action for purported wrongful foreclosure based on their prior assertion that any security interest is void due to their purported rescission. (*See* D. E. 1 at 34–35, ¶¶ 312–315). However, as detailed in Section 4(c), *supra*, Plaintiffs' purported rescission is improper and the security interest remained in effect. Further, wrongful foreclosure claims based on these exact same allegations are uniformly rejected by courts. *See, e.g., Gipson*, 2015 U.S. Dist. LEXIS 175323, at *55. As such, there can be no wrongful foreclosure on this basis.

Even so, Plaintiffs have not even fully pled, conclusory or otherwise, each of the elements of wrongful foreclosure. The elements of a wrongful foreclosure claim in Texas are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 9405, at *12-13 (S.D. Tex. Jan. 24, 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)) (Harmon, J.); *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982).

Plaintiffs have wholly failed to provide any factual allegations that notify Defendants of acts or omissions that satisfy the elements of a wrongful foreclosure claim. First, Texas law presumes a

foreclosure sale to be valid. *See SKY/RGS Props., Ltd. v. First Nat'l Bank & Trust Co.*, 1996 U.S. Dist. LEXIS 23078, at *9 (N.D. Tex. Dec. 4, 1996) (stating that in Texas there is a "presumption that all prerequisites to the [foreclosure] sale have been performed.") (citation and quotations omitted). Second, Plaintiffs have failed to allege any facts to support that the property was sold for a grossly inadequate selling price. *Byrd v. Chase Home Fin. LLC*, 2011 U.S. Dist. LEXIS 125905, at *14 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where the plaintiffs alleged a procedural defect but they failed to assert any facts showing a grossly inadequate selling price resulted from the defect); *Pollett v. Aurora Loan Services*, 455 Fed. App'x. 413, 415 (5th Cir.2011) (affirming the dismissal of a debtor's wrongful foreclosure claim for failure to plead the property sold for a grossly inadequate price).

Moreover, Plaintiffs' allegation that Defendant Carrington could not issue initiate the foreclosure sale because it was not the current holder of the note cannot support a viable claim as a matter of law. *See Islamic Ass'n of Desoto, Tex., Inc. v. Mortg. Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 83274, at *7 (N.D. Tex. June 15, 2012) (finding that courts have routinely rejected the theory that only the holder of the original note has the power to initiate a foreclosure because foreclosure statutes simply do not require possession or production of original note). Because essential elements of Plaintiffs' wrongful foreclosure claim cannot be proven as a matter of law, or are without any factual support in Plaintiffs' Complaint, it too must be dismissed.

g.  Sixth Cause of Action for Declaratory Relief.

Plaintiffs' claim for declaratory relief fails because Plaintiffs have not asserted any viable causes of action against Defendants. "Because Plaintiffs' substantive claims should be dismissed, Plaintiffs have not stated a claim for declaratory and injunctive relief." *Snowden v. Wells Fargo Bank, N.A.*, 2019 U.S. Dist. LEXIS 23557, at *28 (N.D. Tex. Jan. 18, 2019); *Payne v. Wells Fargo Bank Nat. Assn*, 637 F. App'x 833 (5th Cir. 2016); accord *Acers v. Aurora Loan Services, LLC*, 787 F. Supp. 2d 451, 457 (E.D.

Tex. 2011) ("When all substantive underlying claims have been dismissed, a claim for declaratory judgment cannot survive."). Because Plaintiffs have failed to assert any viable causes of action against Defendants, Plaintiffs are not entitled to any declaratory relief.

h. <u>Seventh Cause of Action for Cancellation of Instrument</u>.

Plaintiffs' "seventh cause of action" is a series of conclusory assertions to the effect that CWABS Asset-Backed Certificates Trust 2006-5 does not exist. (*See* D.E. 1, at 37–38 ¶¶ 338–340). Plaintiffs fail to plead facts from which to conclude this assertion might be plausible or how the Plaintiffs have standing to challenge securitization. *See Herrera*, 2013 U.S. Dist. LEXIS 33592, at *33. The public record including Securities and Exchange Commission filings establish its existence. (*See, e.g.,* CWABS Asset-Backed Certificates Trust 2006-5, Annual Report (Form 10-K) (Mar. 27, 2007), https://www.sec.gov/Archives/edgar/data/1354827/000090514807002706/efc70808_6058375fm1 0k.txt.).

i. <u>Eighth Cause of Action for Equitable Accounting</u>.

Plaintiffs' request for an accounting should be denied because there is no circumstance warranting it. "When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *T.F.W. Mgmt. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717-18 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Plaintiffs request an accounting on the ground that Plaintiffs "do not owe the amount that Defendants claim." (D.E. 1, at 38 ¶ 342). Plaintiffs do not allege any facts suggesting that standard discovery techniques will be inadequate to determine the amount Plaintiff Henry owes under the Loan. Accordingly, this claim should be dismissed.

## VI. <u>CONCLUSION</u>

WHEREFORE, Defendants Carrington and BONYM request that all of Plaintiffs' claims against them be dismissed with prejudice, and for an award of other or further necessary relief.

Dated: September 15, 2022

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ George G. Robertson*
George G. Robertson
State Bar No. 24106352
Fed. ID No. 3366420
george.robertson@hklaw.com
David D. Hornbeak
State Bar No. 24106113
Fed. ID No. 3158009
david.hornbeak@hklaw.com
811 Main Street, Suite 2500
Houston, Texas 77002-5227
713-821-7000 (Telephone)
713-821-7001 (Facsimile)

COUNSEL FOR DEFENDANTS CARRINGTON
MORTGAGE SERVICES, LLC AND THE BANK OF
NEW YORK MELLON FKA THE BANK OF NEW
YORK, AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWABS, INC., ASSET-BACKED
CERTIFICATES 2006-5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 15th day of September, 2022, a copy of the foregoing document was served via the Court's CM/ECF system and via U.S. Mail to:

Antwan Henry
11939 Canyon Valley Dr.
Tomball, Texas 77377

***Pro Se Plaintiff***

Terri Jenkins
11939 Canyon Valley Dr.
Tomball, Texas 77377

***Pro Se Plaintiff***

*/s/ George G. Robertson*
George G. Robertson