IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEPP CAPITAL, LLC, AND P.C.F. PROPERTIES IN TX, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>TERRI JENKINS and ANTWAN HENRY<br>*Defendants*. | CIVIL ACTION NO. 4:22-cv-03338 |

FOURTH MOTION TO REMAND

Plaintiffs, LEPP CAPITAL, LLC, and P.C.F. PROPERTIES IN TX, LLC, (hereinafter "Movants") file this Fourth Motion to Remand under 28 U.S.C. § 1447(c) and would respectfully show the Court as follows:

INTRODUCTION AND BACKGROUND

1. This Notice of Removal was filed by Defendants, TERRI JENKINS and ANTWAN HENRY, on September 23, 2022, to avoid the fact that they have lost their home to foreclosure on August 2, 2022, pursuant to a promissory note and deed of trust dated June 22, 2005, and secured by the real property located at 11939 Canyon Valley Dr., Tomball, TX 77377 (the "Property").

2. On or about August 24, 2022, Movants filed a forcible detainer action against Defendants all Occupants of 11939 Canyon Valley Dr., Tomball, TX 77377, seeking possession of the Property under Case No. 224100295075, in the Justice of the Peace, Precinct 4, Place 1, Harris County, Texas (the "Eviction Lawsuit"). The Justice Court held a trial on the Eviction Lawsuit on September 26, 2022. The Justice Court initially entered judgment in Plaintiffs' favor

but later vacated the judgment and set a status conference for November 15, 2022, as a result of the Notice of Removal filed by the Defendants.

3. Before that, Defendants filed a lawsuit in the United States District Court for the Southern District of Texas, Houston Division, under Case No. 4:22-cv-02850, and styled *ANTWAN HENRY and TERRI JENKINS v. THE BANK OF NEW MIELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS, SERIES 2006-5, et al.* (hereinafter referred to as the "Federal Lawsuit"). Defendants, Carrington Mortgage Services, LLC ("Carrington"), and The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates 2006-5 ("BONYM"), filed a very detailed to Motion to Dismiss the Federal Lawsuit, a true and correct copy of which is attached hereto as Exhibit 1. The Motion to Dismiss chronicles the litigious history of the Defendants to this Removal Action.

4. On September 23, 2021, Defendants removed the case to this Court based on 24 U.S.C. § 1443. Defendants also filed a statement of inability to afford costs in connection with this Removal Action, which was granted in Miscellaneous Case No. 4:22-mc-01573, and styled *Lepp Capital, LLC, and P.C.F. Properties in TX, LLC v. Terri Jenkins and Antwan Henry*. That case was closed on September 23, 2022.

5. At Movants' Request for a Pre-Motion Briefing Conference, this Court entered a briefing schedule, which is attached as Exhibit 2. The Court instructed Movants to file the Moiton to Remand by November 15, 2022, and the response date is set for twenty-one days from the date the motion is filed; Plaintiffs may file a reply brief within seven (7) days of the date Defendants filed their response.

ARGUMENT AND AUTHORITY

6. "A federal court is one of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. §§ 1331, 1332.

    A.    *There is No Federal Jurisdiction over the Eviction Lawsuit*.

7. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. For the court to have subject matter jurisdiction over the pursuant action pursuant to § 1331, there must be a federal question involving the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id*.

8. The sole issue in the Eviction Lawsuit is the superior right of possession to the subject property. Jurisdiction to hear a forcible detainer action is expressly given to the justice court of the precinct where the property is located. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 562 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g) (citing *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)); see Tex. Prop. Code Ann. § 24.004 (Vernon 2000). A justice court has exclusive jurisdiction to decide the issue of immediate possession, which may not be infringed upon as long as the justice court determines only possession. *Pinnacle Premier Props., Inc.*, 447 S.W.3d at, 562; *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001,

no pet.). Although a justice court has exclusive jurisdiction to hear a forcible detainer action, a district court may enjoin the exercise of the justice court's jurisdiction in a forcible detainer action when there is a showing that the justice court is *without jurisdiction* to proceed in the cause or the defendant has no adequate remedy at law. *McGlothlin,* 672 S.W.2d at 232; *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 562.

9. A forcible detainer action requires proof of a landlord-tenant relationship. *Yarbrough v. Household Fin. Corp*, 455 S.W.3d 270, 280 (Tex. App. – Houston [14th Dist.] 2105, no pet). Although such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue. *Id*.; *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564 n.9. The Trustee's Deed at issue this case created the landlord-tenant relationship between Plaintiffs and Defendants in connection with the Eviction Lawsuit. "Tenant-at-sufferance clauses separate the issue of possession from the issue of title." *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564. "Under these provisions, a foreclosure sale transforms the borrower into a tenant at sufferance who must immediately relinquish possession to the foreclosure-sale purchaser." *Id*. In essence, a tenancy-at-sufferance clause creates a landlord-tenant relationship when the property is foreclosed. *See Yarbrough*, 455 S.W.3d at 280. The only issue to be resolved in a forcible detainer action is the right to immediate possession of property; the merits of title are not adjudicated. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App. – Houston [14th Dist.] 2015, no. pet.); *Yarbrough*, 455 S.W.3d at 280.

10. The Eviction Lawsuit is a matter of state law, and there is no federal question jurisdiction. Therefore, the matter should be remanded to state court for proceedings consistent with applicable state law.

B.     *Defendant has not established the right to removal*

11.    Defendants claim this Court has jurisdiction over the Eviction Lawsuit because Defendants contend they have claims arising under 15 U.S.C. § 1692k (Fair Debt Collection Practices Act because the Eviction Lawsuit is an attempt to collect under the Fair Debt Collection Act. Defendants also contend there is diversity of citizenship to confer jurisdiction on this Court.

12.    In removal actions, the court only looks to Plaintiffs' complaint in determining jurisdiction. Other claims that the Defendants may raise in response are counterclaims – not a separate complaint that is considered. Counterclaims cannot support this Court's jurisdiction even if they may raise federal questions. See, *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 831 (2002).

13.    A civil action filed in state court may be removed to a federal district court that has original jurisdiction founded on a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b). However, a federal court has original or removal jurisdiction only "if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.2002). It is not sufficient for the federal question to be raised in the answer or in the petition for removal. *Id*.; *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009). Yet, under the Texas Rules of Civil Procedure, the only issue in cases of forcible detainer under the Texas Property Code is "the right to actual possession" Tex. R. Civ. P. 510.3(c).

14.    The Fifth Circuit Court of Appeals has determined that such an attempt to circumvent the jurisdiction of the county court in forcible detainer proceedings is improper. In *Potts*, the complaint filed in the state court was a simple suit to evict arising under state law. *Potts*, 322 F. App'x at 380; see also Tex. Prop.Code Ann. § 24.0051, where the Court noted,

> "the complaint provided no basis for federal question jurisdiction. The fact that [plaintiff] brought up possible federal question claims in [the] answer… cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action. In light of the lack of federal jurisdiction, [plaintiff] cannot raise any nonfrivolous issues arising out of this case."

*Id*.

15. The facts of *Potts* are identical to those at hand. Defendants cannot remove this matter to federal court because there is no federal question relating to the forcible detainer action in state court. *See Id*. The Northern District agreed that there is no federal question subject matter jurisdiction when a forcible detainer proceeding is removed to federal court. *See Wells Fargo Bank v. Matts,* 2012 U.S. Dist. LEXIS 176537, *13, 2012 WL 6208493 (N.D. Tex. Dec. 13, 2012) (Lindsay, J.) ("a defense that raises a federal claim or issue is insufficient to confer jurisdiction on a district court."). *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804 (1986)("A defense that raises a federal question is inadequate to confer federal jurisdiction"). Thus, this case must also be remanded to the county court at law.

    C.    <u>*There is No Diversity of Citizenship.*</u>

16. Additionally, Plaintiffs, LEPP Capital, LLC and P.C.F. Properties in TX, LLC, are incorporated in and its principal place of business is in Texas; Jenkins and Henry are Texas residents. Because the parties are not diverse, it does not support this Court having jurisdiction over the claims.

17. On October 19, 2022, Defendants filed a response in opposition to Plaintiffs' Motion to Remand, urging that this Court does, in fact, have jurisdiction over this proceeding. See, CM/ECF Doc. No. 9. Plaintiffs would show that diversity of citizenship is not satisfied, even though Mr. Henry asserts that he is resident of another state. As stated, infra, the underlying property at issue is located in Harris County, Texas, Plaintiffs are Texas residents, and Ms. Jenkins

is a Texas resident; therefore, complete diversity of citizenship is not satisfied. Additionally, while the Defendants may have asserted claims that may arise under federal law, the underlying lawsuit seeks immediate possession of the subject property under Texas law, and under Texas law, counterclaims and other issues are not appropriate at the justice of the peace level. Therefore, this case should be remanded to state court for further proceedings.

## CONCLUSION

17. Removal of the present action to federal court was improper. Defendants have not established removal jurisdiction in the present action because there is no federal question jurisdiction arising out of a state court forcible detainer suit. Federal question defenses are not enough to grant jurisdiction upon this Court.

WHEREFORE, Plaintiffs pray that the Court grant its motion, remand this suit to the state county court where it was originally filed, and award Plaintiffs court costs, expenses, and attorney's fees.

BARRY & SEWART. PLLC

__/s/ John V. Burger_____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel. (713) 722-0281
Fax. (713) 722-9786
Email:  johns@barryandsewart.com
            johnburger@burgerlawfirm.com

*Attorneys for Plaintiff*

CERTIFICATE OF CONFERENCE

Pursuant to this Court's Procedure Section 6(B), I certify that on October 7th, 2022, I contacted the Defendants, Antwan Henry in Atlanta, GA (via telephone) and Terri Jenkins in Houston, TX (via telephone), in a good faith attempt to resolve this matter. An agreement could not be reached. Additionally, Defendants have filed a response to the initial motion for remand contesting that jurisdiction is properly placed in this Court. See, CM/ECF Doc. No. 9. Therefore, the motion is opposed, and if the Court deems it necessary, a hearing will be required.

Furthermore, Plaintiffs requested a briefing scheduling conference with the Court which was conducted on November 14, 2022, at which point the Court established the timetable for filing this Motion and any responses thereto.

                                                                */s/ John V. Burger*
                                                                 John V. Burger

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 15th day of November, 2022:

Terri Jenkins
Antwan Henry
11939 Canyon Village Dr.
Tomball, TX 77377

Terri Jenkins
Antwan Henry
541 10th Street NW, #154
Atlanta, GA 30318

                                                  */s/ John V. Burger*
                                                  John V. Burger