Case 4:22-cv-03338   Document 19   Filed on 06/29/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEPP CAPITAL LLC, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-3338 |
| § | |
| TERRI JENKINS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court is a motion to remand filed by the plaintiffs, Lepp Capital, LLC and P.C.F. Properties in TX, LLC (collectively "Lepp Capital"). (Dkt. 17). After careful consideration of the pleadings, the entire record, and the applicable law, the Court **GRANTS** the motion to the extent that it seeks a remand to state court but **DENIES** the motion to the extent that it seeks an award of attorney's fees and costs. This case is **REMANDED** to Harris County Justice Court Precinct 4, Place 1.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Lepp Capital filed a forcible entry and detainer action in Texas state court against Defendants Terri Jenkins and Antwan Henry (collectively "Defendants"). (Dkt. 1 at pp. 6–9). Lepp Capital's state-court pleading, which remains its live pleading, alleges that it bought Defendants' home at a foreclosure sale. (Dkt. 1 at p. 8). Lepp Capital's pleading is a form petition that is used in the Justice of the Peace courts of Harris County, Texas; the petition lists only a claim for forcible entry and detainer under Texas state law and does

---

[1] The state-court cause number is 224100295075.

not list any federal causes of action. (Dkt. 1 at p. 8). Nevertheless, Defendants removed the case to this Court under both the federal question jurisdiction statute and the diversity jurisdiction statute. (Dkt. 1 at pp. 2–3).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

—*Federal question jurisdiction*

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at 338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

*—Diversity jurisdiction*

Federal courts also have original jurisdiction over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. Once a defendant meets its burden, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## ANALYSIS

Defendants have not carried their burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper.

*—Federal question jurisdiction*

Defendants first contend that the federal Fair Debt Collection Practices Act ("FDCPA") confers federal question jurisdiction on the Court "because an Eviction is an 'attempt to collect' pursuant to the Fair Debt Collection Practices Act; for other FDCPA violations; and for other reasons." (Dkt. 1 at p. 2). The Court disagrees.

Lepp Capital's state-court pleading does not mention the FDCPA or any other

federal law; it is a form pleading that solely states a claim for forcible entry and detainer under Texas state law. (Dkt. 1 at p. 8). While it is not exactly clear, Defendants' argument that the FDCPA nevertheless gives this Court subject matter jurisdiction seems to rest on one or both of two contentions: (1) Defendants can bring a counterclaim against Lepp Capital under the FDCPA; and (2) the FDCPA preempts Lepp Capital's forcible entry and detainer action. Neither contention carries Defendants' burden.

As to Defendants' first contention, Lepp Capital has sued Defendants solely under a Texas state-law cause of action, and Defendants cannot create federal subject matter jurisdiction by simply raising federal questions as defenses or counterclaims. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008) ("Even an inevitable federal defense does not provide a basis for removal jurisdiction."); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). As discussed above, a state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338. Accordingly, Defendants cannot create federal subject matter jurisdiction by bringing a counterclaim under the FDCPA.

The contention that the FDCPA preempts Lepp Capital's forcible entry and detainer action also fails. Complete preemption "creates federal jurisdiction if Congress, by statute, completely pre-empts a particular area such that any civil complaint raising the select group of claims is necessarily federal in character." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th

580, 585 (5th Cir. 2022) (quotation marks and brackets omitted). To establish complete preemption, Defendants must show that: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear congressional intent that the federal cause of action be exclusive." *Id.* (quotation marks omitted). Defendants have not made that showing in this case, and to the Court's knowledge "no court has ever held that the FDCPA completely preempts applicable state law or even that it preempts the field."[2] *Desmond v. Phillips & Cohen Associates, Ltd.*, 724 F. Supp. 2d 562, 567 (W.D. Pa. 2010) (quotation marks omitted).

Defendants' invocation of the FDCPA does not give this Court subject matter jurisdiction. Accordingly, Defendants have failed to carry their burden as to federal question jurisdiction. *See Wells Fargo Bank NA v. Agnew*, No. 3:14-CV-1646, 2014 WL 2158420, at *3 (N.D. Tex. May 23, 2014) ("A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction.").

---

[2] "Field" preemption, which the *Desmond* Court refers to in the phrase "preempts the field," is a form of implied preemption. *Aldridge v. Mississippi Department of Corrections*, 990 F.3d 868, 874 (5th Cir. 2021). It is irrelevant in this context because, even if present, it does not create federal subject matter jurisdiction. "Unlike complete preemption, which creates federal subject-matter jurisdiction over preempted state law claims, field preemption is a defense to a state law cause of action and cannot, by itself, be a basis for removal to federal court." *NH Attorney General v. Bass Victory Committee*, No. 12-CV-170, 2012 WL 2838425, at *2 (D.N.H. July 10, 2012) (collecting cases); *see also Virgil v. Reorganized M.W. Co., Inc.*, 156 F. Supp. 2d 624, 630 (S.D. Miss. 2001).

*—Diversity jurisdiction*

Defendants next contend that the Court has diversity jurisdiction because they are citizens of Georgia, Lepp Capital is a citizen of Texas, and the value of Defendants' home is $400,000.00. (Dkt. 1 at pp. 2–3). The Court disagrees.

Numerous district courts in Texas have held that, in a forcible entry and detainer action, the amount in controversy is not the fair market value of the property at issue but the value of the *right to occupy* the property at issue. *U.S. Bank N.A. v. Oyedokun*, No. A-14-CV-732, 2014 WL 12879001, at *3 (W.D. Tex. Sept. 19, 2014), *adopted*, 2014 WL 12879179 (W.D. Tex. Oct. 2, 2014) (collecting cases); *see also U.S. Bank Trust N.A. v. Patrick*, No. 3:21-CV-2306, 2021 WL 4876272, at *2 (N.D. Tex. Sept. 30, 2021), *adopted*, 2021 WL 4864868 (Oct. 14, 2021) ("But the full value of the subject property is not the object of U.S. Bank's forcible detainer action. Instead, a forcible detainer action only seeks *possession* of property. Ownership of the home is not a matter in controversy in an eviction suit.") (brackets omitted; emphasis in *Patrick*). "Despite [Defendants'] claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding." *American Homes 4 Rent Properties v. Arami Gates*, No. 3:14-CV-2575, 2014 WL 4271645, at *3 (N.D. Tex. Aug. 27, 2014); *see also Oyedokun*, 2014 WL 12879001 at *3. Accordingly, by only presenting evidence of the fair market value of their home, Defendants have failed to carry their burden of establishing the requisite amount in controversy for federal diversity jurisdiction. *Oyedokun*, 2014 WL 12879001 at *3.

—*Remand is appropriate*.

The Court concludes that Defendants have not met their burden to show by a preponderance of the evidence that federal jurisdiction exists and that removal was proper. Accordingly, remand is appropriate.

## CONCLUSION

Plaintiffs' motion to remand (Dkt. 17) is **GRANTED** to the extent that it seeks a remand to state court but **DENIED** to the extent that it seeks an award of attorney's fees and costs. This case is **REMANDED** to Harris County Justice Court Precinct 4, Place 1.[3] The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the Chief Clerk of Harris County Justice Court Precinct 4, Place 1.

Any other pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on June 29, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The state-court cause number is 224100295075.